Gilmore, J.
On the trial- before the justice, the jury had no right to know, and is not supposed to have known, as a fact for its consideration in the case, that an offer to confess judgment for a specified- amount had been made by the defendant. Justice’s Code, sec. 109.
The legal presumption, therefore, was, that the verdict indicated the true amount which the jury found to be due from the defendant to the plaintiff’.
It was the duty of the justice to have immediately rendered judgment in accordance with the verdict, lb., sec. 107.
In assuming to render judgment for the aggregate amounts of the offer to confess and the verdict, it is clear that the justice acted without legal authority.
The defendant, Meeker, for the purpose of obtaining a modification of the judgment, and the rendition of a judgment on the verdict which the justice ought to have rendered, took the case to the court of common pleas on error. This latter court, instead of modifying the judgment •as asked, reversed the entire judgment, and retained the ease for trial, as if it had been appealed to that court.
After trial, verdict, and judgment in the court of common pleas, in favor of Eaucett, for an amount greater than the judgment before the justice. Meeker took the case on error to the district court, on the ground that the court of *636 common pleas erred in reversing, instead of simply modifying the judgment as asked.
The district court found that the court of common pleas erred in the respecte complained of, and reverséd the judgments of the latter court, and proceeding, to render the judgment that ought to have been rendered on the verdict before the justice, judgment was entered in favor of Faucett, for four dollars and costs that had accrued up to the time the offer to confess judgment was made, and against him for all costs subsequently.made.
Is there error in the judgment of the district court ?
We think there is. Section 511 of the code has not been amended, and it provides that on petition i'n error,’ “ a judgment rendered and final order made by a probate court, justice of the peace, or other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reversed, vacated, ol' modified by the court of common pleas.”
The power to “ modify” the judgments of judicial tribunals inferior to the court of common pleas, is here given in express tenns to the latter court.'
. But section 532,-as originally passed, provided as follows : “ When the proceedings of a justice of the peace are taken on error to the court of common pleas, in manner aforesaid, and the judgment of such justice shall be reversed, or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and ■the cause shall be retained by the court for trial and final judgment, as in cases of appeal.”
This section was amended in 1870 (67 Ohio L. 115), so ■that, when such a judgment is reversed in the court of common pleas, for the reason that the justice had no jurisdiction of the plaintiff in error, or of the subject-matter of the action, the cause shall not be retained for trial by that court; but the provisions of the section, as originally passed, are still in force. •
Under the provisions of this latter section, the court of *637 common pleas was undoubtedly authorized to reverse the judgment of the justice in toto, and retain the case for trial, and was not bound to modify the judgment so as to conform it to the verdict of the jury before the justice. Its authority in. this respect could not be questioned oh error.
The judgment of the district court is reversed, and that of the court of common pleas affirmed.

Judgment accordingly.